IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR683 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA HYCH, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its undersigned counsel, hereby submitting this sentencing memorandum. For the reasons stated below, the Government recommends that the Court impose a sentence between 24 and 27 months of incarceration, followed by three years of supervised release.

**I.  Guidelines Calculation**

The Government concurs with the PSR's calculation of the advisory Guidelines, resulting in an Offense Level of 12 and a Criminal History Category IV.

**II.  History and Characteristics of Defendant**

Except for a roughly two-year period between 2016 and 2018, Defendant has consistently been involved in the criminal justice system, either by incurring new charges or being on supervision for prior convictions. Perhaps most concerning, Defendant's criminal record includes several convictions for committing violent acts against others. In 2012, he was convicted of domestic violence for an incident in which he punched his father, put him into a headlock, and rammed his head and body into a wall. (Doc. 15: PSR, PageID 67–68). Defendant received a nine-day jail sentence for that conviction. (*Id.*). In 2015, he was again

convicted of domestic violence for an incident in which he grabbed a woman by the throat, choked her, punched her, and then jumped on top of her and punched her in the ribs while twisting her finger.  (*Id.*, PageID 69).  Defendant received only a 60-day jail sentence after those charges were reduced from felonies to misdemeanors.  (*Id.*).  In total, this will be Defendant's 12th adult criminal conviction (excluding traffic offenses) since turning 18 years old in 2012.  Further aggravating Defendant's criminal history is the fact that he was on bond pending three harassment charges at the time he committed this offense.  (*Id.*, PageID 70–71).  Defendant cut off his GPS monitoring device on July 18, 2018, and it appears that he remained a fugitive until the time of his arrest for this offense.  (*Id.*).  In short, Defendant's consistent history of committing crimes, several of which involved violence to others, warrants a sentence at the higher end of the Guidelines range.

### III.  Nature and Circumstances of Defendant's Offense

This case demonstrates the significant risk to public safety posed by a person who illegally possesses and then uses a firearm.  On September 26, 2018, Cleveland Police responded to a call of shots fired in the 4600 block of Oakley Avenue, which is a residential side street in Cleveland.  (*Id.*, PageID 64).  As the officers arrived on the block, they heard two gunshots at close range.  (*Id.*).  Defendant was the only person in the street, and claimed that there were people shooting.  (*Id.*).  He then quickly went inside his girlfriend's house at 4631 Oakley.  (*Id.*).  The police canvassed the street and found two spent 9mm shell casings on the ground next to where they first saw Defendant.  (*Id.*).  After several minutes, Defendant came out of the house carrying a small child and got into the passenger seat of an SUV.  (*Id.*).  Suspecting that Defendant had been involved in the shooting, the officers had him step out of the SUV and submit to a frisk.  (*Id.*).  The officers found a semiautomatic 9mm pistol in Defendant's

2

waistband.  (*Id.*).  Defendant was arrested and later stated, "I did what I had to do."  (*Id.*).  The police investigation revealed that a group of men came to 4631 Oakley, threatened the occupants, and threw an item through the window.  (*Id.*).

In his sentencing memorandum, Defendant admits to firing two gunshots in the air, but claims that he did so to scare away a group of men who were threatening his girlfriend's brother.  (Doc. 19: Def. Sentencing Memo).  Defendant also claims that he was "given a gun" by someone that night.  (*Id.*).  But he fails to say who gave him that gun, or explain why he chose to stay in a house where there was a loaded gun while he was a fugitive with pending charges.  (*Id.*).  The Government submits that the Defendant's conduct of bringing a loaded handgun into the street and firing it in the air is far more dangerous than an average firearm possession case.  A sentence at the higher end of the advisory Guidelines range is needed to account for the seriousness of this offense.

**IV.      Respect for the Law, Promoting Deterrence, Protecting the Public, and Rehabilitation**

The Government notes that none of Defendant's past sentences (the lengthiest of which was only 90 days) were sufficient to deter him from carrying a loaded handgun onto a residential street and firing two shots into the air.  A sentence at the higher end of the Guidelines range, therefore, would be appropriate to both promote deterrence and protect the public.  A longer sentence also promotes respect for the law, given Defendant's flagrant commission of this offense while on bond for other charges, and after he had cut off his GPS monitor.  As to rehabilitation, the Government submits that many of the issues raised in Defendant's sentencing memorandum, including mental health and behavioral problems, could be addressed while he is on supervised release.

3

**V.** **Conclusion**

For the above reasons, the Government recommends that the Court impose a sentence between 24 to 27 months of incarceration, followed by three years of supervised release.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ James P. Lewis
    James P. Lewis (MD: 1412170148)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3958
    (216) 522-8355 (facsimile)
    James.Lewis@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this this 30th day of April 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                           /s/ James P. Lewis
                                           James P. Lewis
                                           Assistant U.S. Attorney